UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BURTON WILLIFORD, individually and on behalf of all others similarly situated, ) ) ) | |
| ) | No. 2:17-cv-00945 |
| Plaintiff, ) ) | Magistrate Judge Maureen Kelly |
| v. ) ) | |
| RICE ENERGY, INC., ) ) | ELECTRONICALLY FILED |
| Defendant. ) | |

## ANSWER TO CLASS AND COLLECTIVE ACTION COMPLAINT AND ADDITIONAL DEFENSES

AND NOW COMES Rice Energy Inc. ("Rice Energy" or "Defendant"), by its undersigned counsel, and states the following answers and additional defenses to the Complaint filed by Burton Williford ("Plaintiff").

Generally, Defendant admits that Plaintiff purports to bring this action on behalf of himself and others for alleged unpaid overtime compensation. However, Defendant denies that Plaintiff and any of the members of the putative class/collective action are entitled to any relief whatsoever. Moreover, Defendant denies that it employed Plaintiff or any of the members of the putative class/collective action. Defendant did not have the authority to hire or fire Plaintiff or any of the members of the putative class/collective action; did not have the authority to promulgate work rules and assignments or set work schedules and the rate and method of payment for Plaintiff or any of the members of the putative class/collective action; was not involved in the day-to-day supervision of Plaintiff or any of the members of the putative class/collective action; could not impose discipline on Plaintiff or any of the members of the putative class/collective action; and did not control or maintain records related to Plaintiff or any of the members of the putative class/collective action.

The numbered paragraphs below correspond to the like-numbered paragraphs of the Complaint. Unless specifically admitted herein, each factual allegation in the Complaint is denied.

## **SUMMARY**

1. Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this action under the FLSA, Ohio Wage Act, and OPPA. The remaining allegations are denied.

2. Admitted in part and denied in part. Defendant admits that it is an oil and natural gas company operating primarily in Pennsylvania and Ohio in the Marcellus, Utica, and Upper Devonian Shales. Defendant also admits that it employs oilfield personnel to carry out some of its work. However, Defendant denies that it employed Plaintiff. To the contrary, Plaintiff independently contracted with Patriot Drilling Fluids, a company with which Defendant contracted to perform services at its well sites.

3. Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a Drilling Fluid Engineer at well sites operated by Defendant. However, Defendant denies that it employed Plaintiff. To the contrary, Plaintiff independently contracted with Patriot Drilling Fluids, a company with which Defendant contracted to perform services at its well sites.

4. Denied.

5. Denied.

6. Denied. By way of further response, the companies with which Defendant contracted to provide services were responsible for determining the rate at which Plaintiff and the other members of the putative class/collective action were paid based on contractual arrangements.

7. Admitted in part and denied in part. Defendant admits that Plaintiff seeks to recover unpaid overtime wages and other damages. However, Defendant denies that Plaintiff or any of the members of the putative class/collective action are entitled to any relief whatsoever. Moreover, Defendant denies that it employed Plaintiff or any of the members of the putative class/collective action. To the contrary, Plaintiff and the other members of the putative class/collective action independently contracted with companies with which Defendant contracted to perform services at its well sites.

## JURISDICTION AND VENUE

8. The allegation in Paragraph 8 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

9. The allegation in Paragraph 9 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

10. The allegation in Paragraph 10 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

## THE PARTIES

11. Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a drilling fluid engineer at well sites operated by Defendant.[1] However, Defendant denies that it employed Plaintiff. To the contrary, Plaintiff independently contracted with Patriot Drilling Fluids, a company with which Defendant contracted to perform services at its well sites.

---

[1] In paragraph 11, Plaintiff alleges that he "worked for Rice Energy . . . from approximately June 2014 until April 2017." Compl. ¶ 11. Elsewhere in the Complaint, however, Plaintiff alleges that he worked "from approximately August 2016 until February 2017." *Id.* ¶ 27. Because Defendant does not maintain records related to the time periods during which Plaintiff or the members of the putative class/collective action performed work as independent contractors at its well sites, Defendant is without sufficient knowledge or information to form a belief as Plaintiff's allegations about when he worked at the well sites and therefore denies the same.

12. Denied. By way of further response, Plaintiff independently contracted with Patriot Drilling Fluids, a company with which Defendant contracted to perform services at its well sites. Patriot Drilling Fluids was responsible for setting and/or had control over Plaintiff's rate of compensation and the decision to classify him as an independent contractor.

13. Exhibit A is a document that speaks for itself.

14. Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring claims on behalf of himself and others. The remaining allegations are denied. By way of further response, Defendant was not responsible for setting the rate at which Plaintiff and the other members of the putative class/collective action were paid.

15. Admitted in part and denied in part. Defendant admits the Plaintiff purports to seek conditional certification of a class under 29 U.S.C. §216(b). The remaining allegations are denied. By way of further response, Defendant denies that Plaintiff or any of the members of the putative class/collective action are entitled to any relief whatsoever and/or that class and/or collective action certification is proper, including whether the proposed definition is proper. Defendant further denies that it employed Plaintiff or any of the other members of the putative class/collective action. To the contrary, Plaintiff and the other members of the putative class/collective action independently contracted with the companies with which Defendant contracted to perform services at its well sites.

16. The allegation in paragraph 16 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

17. Admitted.

## COVERAGE UNDER THE FLSA

18. Denied. By way of further response, Defendant did not employ Plaintiff or any of the members of the putative class/collective action. To the contrary, Plaintiff and the other members of the putative class/collective action independently contracted with the companies with which Defendant contracted to perform services at its well sites.

19. The allegation in Paragraph 19 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

20. The allegation in Paragraph 20 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

21. The allegation in Paragraph 21 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

22. Denied. By way of further response, Defendant did not "treat" Plaintiff or any of the members of the putative class/collective action as employees or "dictate" their pay practices. To the contrary, Plaintiff and the other members of the putative class/collective action independently contracted with the companies with which Defendant contracted to perform services at its well sites. Those companies, not Defendant, were responsible for classifying Plaintiff and the other members of the putative class/collective action and determining by contractual arrangement the pay practices to which Plaintiff and the other members of the putative class/collective action were subject.

23. The allegation in Paragraph 23 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

# FACTS

24. Admitted in part and denied in part. Defendant admits that it is an oil and natural gas company operating primarily in Pennsylvania and Ohio in the Marcellus, Utica, and Upper Devonian Shales. The remaining allegations are denied. By way of further response, Defendant does not hire personnel to perform work as drilling fluid engineers at its well sites. Rather, Defendant contracts with companies to provide those services, which in turn independently contract with drilling fluid engineers to perform the requested work.

25. Denied.

26. Denied. By way of further response, the companies with which Defendant contracted to provide services at its well sites were responsible for classifying Plaintiff and the members of the putative class/collective action and determining the rate at which they were paid based on contractual arrangements.

27. Admitted in part and denied in part. Defendant admits that Plaintiff performed work as a drilling fluid engineer at well sites operated by Defendant. The remaining allegations are denied.

28. Admitted in part and denied in part. Defendant admits that Plaintiff performed the job duties listed, as well as other duties not listed. The remaining allegations are conclusions of law to which no response is required. To the extent a response is deemed necessary, the remaining allegations are denied.

29. The allegation in Paragraph 29 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

30. Denied. By way of further response, Defendant did not employ Plaintiff or any of the other members of the putative class/collective action, was not responsible for classifying

Plaintiff or the other members of the putative class/collective action as independent contractors, and did not exercise control over the job performed by Plaintiff and the other members of the putative class/collective action. To the contrary, the companies with which Defendant contracted to provide services at its well sites were responsible for classifying Plaintiff and the other members of the putative class/collective action and controlled all aspects of the jobs they performed and the pay practices to which they were subject.

31. Denied.

32. Denied.

33. Admitted in part and denied in part. Defendant admits third parties controlled all the significant or meaningful aspects of the job duties performed by Plaintiff and the other members of the putative class/collective action. The remaining allegations are denied.

34. Admitted in part and denied in part. Defendant admits third parties determined the hours and locations that Plaintiff and the other members of the putative class/collective action worked, the tools used, and the rates of pay they received. The remaining allegations are denied.

35. Admitted in part and denied in part. Defendant admits third parties were responsible for ensuring that drilling fluid engineers complied with their own policies and procedures at the well sites operated by Defendant. Except for generally applicable safety regulations, Defendant's policies and procedures are not applicable to individuals employed by companies with which Defendant contracts for services at its well sites. The remaining allegations are denied.

36. Denied.

37. Denied.

38. Denied. By way of further response, Plaintiff's use of terms such as "large capital

investments" in unidentified "buildings, machines, equipment, [and] tools" is both vague and ambiguous.

39. Denied.

40. Denied.

41. Denied. By way of further response, the companies with which Defendant contracted to provide services at its well sites determined Plaintiff's rate of pay and work schedule. In addition, to the extent Plaintiff was prohibited from working other jobs for other companies, that prohibition was not dictated by Defendant, but by Patriot Drilling Fluids.

42. Denied. By way of further response, Defendant was not responsible for the number of days Plaintiff or the other members of the putative class/collective action were scheduled to work at Defendant's well sites. Such decisions were solely within the purview of the companies with which Defendant contracted to provide services at its well sites, which independently contracted with Plaintiff and the other members of the putative class/collective action.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied. By way of further response, Defendant did not employ Plaintiff on a project-by-project basis or otherwise. To the contrary, Plaintiff independently contracted with Patriot Drilling Fluids, with which Defendant contracted to perform services at its well sites. To the extent that Plaintiff was on call and expected to drop everything and work whenever needed, Defendant was not responsible for such policy. Rather, the terms and conditions of Plaintiff's

8

employment were dictated by his contract with Patriot Drilling Fluids.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. The allegation in Paragraph 53 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

## FLSA VIOLATIONS

54. The allegation in Paragraph 54 is conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

55. The allegation in Paragraph 55 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

56. The allegation in Paragraph 56 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

## OHIO WAGE ACT VIOLATIONS

57. Admitted in part and denied in part. Defendant admits that Plaintiff purports to bring this case as a Rule 23 class action arising under the Ohio Wage Act and OPPA. The remaining allegations are denied.

58. The allegation in Paragraph 58 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

59. The allegation in Paragraph 59 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

60. The allegation in Paragraph 60 is a conclusion of law to which no response is required. To the extent a response is required, the allegation is denied. By way of further response, Defendant did not employ Plaintiff on a project-by-project basis or otherwise. To the contrary, Plaintiff independently contracted with Patriot Drilling Fluids, with which Defendant contracted to provide services at its well sites.

61. The allegation in Paragraph 61 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

62. The allegation in Paragraph 62 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

63. The allegation in Paragraph 63 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

64. The allegation in Paragraph 64 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

65. Defendant restates and incorporates by reference its responses to Paragraphs 1-64 as if fully set forth herein. The allegations in paragraph 65 are otherwise denied.

66. The allegation in Paragraph 66 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

67. Denied.

68. Denied.

69. The allegation in Paragraph 69 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

70. Denied.

71. The allegation in Paragraph 71 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

72. The allegation in Paragraph 72 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

73. The allegation in Paragraph 73 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

74. The allegation in Paragraph 74 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

75. The allegation in Paragraph 75 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

76. The allegation in Paragraph 76 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

77. The allegation in Paragraph 77 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

78. The allegation in Paragraph 78 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

79. The allegation in Paragraph 79 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

80. Denied.

81. The allegation in Paragraph 81 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegation is denied.

**JURY DEMAND**

82. Defendant admits that Plaintiff demands a trial by jury.

## RELIEF SOUGHT

83. Defendant denies the allegations set forth in Plaintiff's Prayer for Relief, including subparts, and further denies that Plaintiff or any member of the purported class is entitled to any relief whatsoever.

## ADDITIONAL DEFENSES

Defendant states the following additional defenses to the Complaint but does not assume the burden of proof of any such defense except as required by applicable law with respect to the particular defense asserted.

1. Plaintiff and/or the members of the putative class/collective action have failed in whole or in part to state a claim upon which relief may be granted.

2. Defendant was not Plaintiff's employer, nor the employer of any member of the putative class/collective action.

3. Plaintiff and/or members of the putative class/collective action were properly classified under local, state and federal law as independent contractors.

4. If Defendant is deemed to be an employer, then Plaintiff and/or members of the putative class/collective action were properly classified as exempt employees, for some or all of the disputed time frame, based on the executive, administrative, professional, Motor Carrier, and/or highly compensated employee exemptions.

5. If Defendant is deemed to be an employer, then Plaintiff and/or members of the putative class/collective action were properly compensated, for some or all of the disputed time frame, for all hours worked, however few or many, under both the salary level and salary basis tests.

6. To the extent Plaintiff and/or members of the putative class/collective action are entitled to any overtime damages, for some or all of the disputed time frame, such overtime should be calculated using, at most, the half-time rate.

7. Plaintiff's claims and/or the claims of members of the putative class/collective action are barred, in part, by the applicable statutes of limitations or limitations periods.

8. Defendant has paid all compensation due and owing in accordance with the requirements of local, state and federal laws in that, among other things, any overtime payment calculations, for some or all of the disputed time frame, were correct.

9. The injuries/damages, if at all, caused to Plaintiff and/or members of the putative class/collective action, are attributed to the actions or omissions of third parties alone and not Defendant.

10. Defendant's actions and/or omissions were, at all times material to the Complaint, in good faith and in conformity with and reliance upon local, state and federal laws, administrative regulations, orders, rulings, statements, practices, approvals and/or interpretations.

11. Plaintiff and/or members of the putative class/collective action cannot establish that any acts or omissions of Defendant were willful under the FLSA or willful or intentional under any applicable state law.

12. Plaintiff's claims and/or the claims of members of the putative class/collective action fail, in whole or in part, to the extent that they seek compensation for activities that are considered non-compensable, whether under the Portal-to-Portal Act, or otherwise.

13. Plaintiff's claims and/or the claims of members of the putative class/collective action are barred in whole or in part to the extent that other action(s) are pending on the same claims.

14. The claims are barred, in whole or in part, under the doctrines of waiver, laches, estoppel, ratification, acquiescence, or unclean hands.

15. Plaintiff and members of the putative class/collective action are not similarly situated for purposes of the FLSA.

16. Plaintiff and members of the putative class/collective action do not meet the requisite criteria sufficient to justify a class action under Fed. R. Civ. P. 23.

17. Plaintiff and members of the putative class/collective action are not entitled to recover any damages, including compensatory damages, consequential damages, liquidated damages, exemplary damages, penalties, attorneys' fees, interest, or costs.

18. Defendant reserves the right to amend its pleadings to assert any additional affirmative defenses that become known or ascertained through the course of discovery.

WHEREFORE, Defendant, by counsel, respectfully requests judgment in its favor and against Plaintiff on all causes of action, that Plaintiff takes nothing by way of the Complaint, and for all other necessary and proper relief.

Dated: August 30, 2017

Respectfully submitted,

*/s/ Christian Antkowiak*
Christian Antkowiak *(PA 209231)*
christian.antkowiak@bipc.com
Jaime Tuite *(PA 87566)*
jaime.tuite@bipc.com

Buchanan Ingersoll & Rooney PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Phone: 412-562-8800
Fax: 412-562-1041

*Attorney for Defendant,
Rice Energy Inc.*