IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BURTON WILLIFORD, individually and on
behalf of all others similarly situated,

                17cv0945

    Plaintiffs,           **ELECTRONICALLY FILED**

        v.

RICE ENERGY, INC,

    Defendant.

**MEMORANDUM ORDER**

Before the Court is Plaintiffs' Motion to Compel Discovery. Doc. no. 63. Defendant filed a Response to same (doc. no. 68) and Plaintiffs filed a Reply. Doc. no. 69. For the reasons set forth herein, the Plaintiffs' Motion will be GRANTED in part and DENIED in part.

The scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1) is limited only by relevance, and relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that court bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 (1978); *see also* Fed.R.Civ. P. 26(b0(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .").

Turning to the instant matter, Plaintiffs first ask this Court to strike one of Defendant's "general objections" to its interrogatory answers and response to its document requests. In this "general objection" Defendant states the following:

> 3. The fact that Defendant has responded to or objected to the Interrogatories, or any part thereof, may not be taken as an admission of any fact set forth in or assumed by the Interrogatories or that such answer

1

> constitutes relevant evidence. The fact that Defendant has answered part or all of any of the Interrogatories shall not be construed to be a waiver by Defendant of any objections to part or all of any of the Interrogatories. Nothing contained herein shall be construed as an implied admission of any fact.

Doc. no. 64-1. Plaintiffs' primary contention is the first sentence of the above paragraph which suggests that no fact stated by Defendant in response to an interrogatory or document request can be taken as an "admission."

The Court concurs with Plaintiffs' interpretation of Defendant's first sentence, finding that it suggests that no matter what Defendant states in any response to any discovery request, it cannot be held accountable for such statements. However, if a relevant statement of fact is made by Defendant in any response, and should Plaintiffs seek to use that statement as an admission, or use that fact to question a witness during a deposition, the decision as to whether any of Defendant's relevant statements in its written discovery responses equates to an admission would rest with this Court. No qualifier nor caveat Defendant places in its "general objections" to written discovery can negate or reverse the impact of providing verified responses which state facts that, once verified, upon which the opposing party may accept as admissions – if those statements of fact rise to the level of an admission. See Fed.R.Civ.P. 33 (b)(5). Simply put, although the Court agrees with the Plaintiffs' interpretation of Defendant's general objection, the legal issue raised by that objection is not yet ripe, and thus this Court cannot issue a ruling. However, should Defendant attempt to disavow, renounce, or disclaim a relevant fact established by and/or set forth in one or more of its written and verified discovery responses, then Plaintiffs should, at that juncture, appropriately request that this Court rule.

Second, the gravamen of Plaintiffs' Motion to Compel surrounds Defendant's more specific objection to several requests wherein Defendant asserts that it contracted with "a

reputable third party company for a service (not its personnel)," and that "documents responsive . . . would have been between the third party vendors and Plaintiff, the opt-in Plaintiffs, or the other Putative Class Members," so that "said documents would be in the possession of said third party vendors and/or . . . Plaintiffs."  See doc. no. 64 p. 3.  Defendant also notes in its Response to Plaintiff's Motion to Compel that in other similar cases, counsel for these Plaintiffs, has requested documents directly from the third party vendors via subpoena.  Defendants query why Plaintiffs are now demanding that Defendant produce these documents.  See doc. no. 68.  Plaintiffs' Reply argues that Defendant produced a contract which provided Defendant with the right to inspect much more than personnel records, specifically, "all financial books, supporting records, or any other documentation of a business or technical nature . . . and shall include access to information . . . from personnel . . . ."  Doc. no. 69.  Plaintiffs further contend that Defendant's purported contractual right to inspect documents from third party vendors places Defendant squarely within Fed.R.Civ.P. 34(a)(1) requiring Defendant to produce same.  Id.

Applying Rule 34(a)(1) to this case, Defendant, herein, must produce items that are within Defendant's "possession, custody, or control."  If Defendant possesses, has custody of, or actually has "control" over any of the documents Plaintiffs seeks, it is required, by law, and now this Order, to produce those documents.  To assist the Parties, particularly Defendant, in determining what is meant by "control," the Court notes that first, it is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable form another source.  *See Fort Washington Resources, Inc. v. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994) ("Defendant must produce the requested documents regardless of their existence in the possession of Plaintiff or of their accessibility through the sub-contractors.")

Second, the Court would remind the Parties that a Party's failure to disclose any information required by Rule 26 can become subject to sanctions (including, but not limited to, attorney's fees, reasonable expenses, informing the jury of the failure to disclose, or preclusion of such information as evidence at trial) under Federal rule of Civil Procedure 37. Simply put, should it be determined that a Party has not produced documents over which she/he/it had "control," that Party can, and will, be sanctioned by this Court at the opposing Party's request and upon proof of same.

## ORDER OF COURT

AND NOW, this 9th day of February, the Court DENIES Plaintiff's Motion to Compel without prejudice as to Defendants' general Objection found in paragraph 3 at doc. no. 64-1. However, should Defendant attempt to disclaim a relevant fact established by and/or set forth in one or more of its discovery responses, then Plaintiffs should, at that juncture, appropriately request that this Court to rule on Plaintiffs' motion.

The Court GRANTS Plaintiff's Motion Compel Discovery and hereby ORDERS Defendant to produce by February 16, 2018, any responsive documents in their possession, custody, or control. Should Defendant lack possession, custody, or control over one or more type(s) of document requested by Plaintiffs, an affirmative statement expressing same, made under oath by an appropriate officer of Defendant, must be added to Defendant's Response(s) to Plaintiffs' Request(s).

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All ECF Registered Counsel of Record