UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| BURTON WILLIFORD, each individually and on behalf of all others similarly situated,<br><br>v.<br><br>RICE ENERGY, INC. | **Case No: 2:17-cv-00945-DSC**<br>Class Action (Fed. R. Civ. P. 23)<br>Collective Action (29 U.S.C. § 216(b))<br><br>Judge David S. Cercone |

## ORDER GRANTING
## PRELIMINARY APPROVAL OF SETTLEMENT

Before the Court is Plaintiff Burton Williford's Unopposed Motion for Preliminary Approval of the Settlement Agreement (the "Preliminary Approval Motion"). After considering the Preliminary Approval Motion and the papers in support of same, the Settlement Agreement and Release (the "Settlement Agreement"), and the arguments of counsel, the Court is of the opinion that the preliminary motion to approve is GRANTED. IT IS HEREBY ORDERED as follows:

1.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), the proposed settlement of the Pennsylvania and Ohio state law claims embodied in the Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate, and in the best interests of the Settlement Class (as defined in the Settlement Agreement), in light of the factual, legal, practical, and procedural considerations raised by this case. Solely for the purpose of the settlement defined in the Settlement Agreement, and pursuant to Rule 23(e) and 216(b) of the FLSA, the Court hereby certifies the following class:

> All 93 Plaintiffs, Opt-in Plaintiffs, and current or former workers performing projects on behalf of Rice Energy, Inc. ("Rice") from July 18, 2014 to the date of the preliminary approval order. Specifically, the class members are listed by name on Exhibit A-3.

2.    The Court orders that the Pennsylvania, Ohio, and FLSA Classes are certified for settlement purposes only. If the Settlement does not become final for any reason, the fact that the

Parties were willing to stipulate to class/collective action certification for settlement purposes shall have no bearing on, and will not be admissible in connection with, the issue of whether a class/collective action is properly certified in a non-settlement context. The Court's findings are for purposes of certifying the Pennsylvania, Ohio, and FLSA Classes and will not have any claim, issue, or evidentiary preclusion or estoppel effect in any other action against Defendants or in this litigation if the Settlement is not finally approved.

3. The Court finds that certification of the Pennsylvania and Ohio Classes, solely for purposes of Settlement, is appropriate in that: (a) the Pennsylvania and Ohio Class Members are so numerous that joinder of all Pennsylvania and Ohio Class Members is impracticable; (b) there are questions of law and fact common to the Pennsylvania and Ohio Class Members which predominate over any individual questions; (c) claims of the Class Representatives (as defined in the Settlement Agreement) are typical of the claims of the Pennsylvania and Ohio Classes; (d) the Class Representatives and Class Counsel (as defined in the Settlement Agreement) have fairly and adequately represented and protected the interests of the Pennsylvania and Ohio Classes; and (e) a class action settlement is superior to other available methods for the fair and efficient adjudication of the controversy.

4. The Court hereby preliminarily appoints Plaintiff Burton Williford as the representative of the Pennsylvania and Ohio Classes and finds that he meets the requirements of Rule 23(a)(4).

5. In accordance with Rules 23(a)(4) and (g) and the FLSA, the Court approves the following attorneys as Class Counsel for the Pennsylvania, Ohio, and FLSA Classes:

>    Michael A. Josephson
>    Andrew W. Dunlap
>    JOSEPHSON DUNLAP LAW FIRM
>    11 Greenway Plaza, Suite 3050
>    Houston, Texas 77046
>
>    and

>Richard J. Burch
>BRUCKNER BURCH PLLC
>8 Greenway Plaza, Suite 1500
>Houston, Texas 77046

6. The Court preliminarily approves the attorney fees and costs requested.

7. The Court finds that the plan for Class Notice (as defined in the Settlement) is the best notice practicable under the circumstances and satisfies the requirements of due process and Rule 23. The plan is approved and adopted. The Court further finds that the Class Notice complies with Rule 23(c)(2), Rule 23(e), and Section 216(b) of the FLSA, and is appropriate as part of the plan for issuing notice set forth in the Settlement Agreement as approved and adopted. Class Counsel shall work with the settlement administrator to distribute the Notice.

8. The Court finds that ILYM Group, Inc. is qualified to act as the Claims Administrator (as defined in the Settlement Agreement) for this settlement.

9. The fairness hearing and hearing for Final Approval set forth in the Class Notice is hereby scheduled for December 18, 2018 at 1:00 a.m./p.m., in Courtroom 7A, U.S. Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219.

IT IS SO ORDERED.

DATED: September 19, 2018        s/ DAVID STEWART CERCONE
                                 David Stewart Cercone
                                 Senior United States District Judge