UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| BURTON WILLIFORD, each individually and on behalf of all others similarly situated,<br><br>v.<br><br>RICE ENERGY, INC. | **Case No: 2:17-cv-00945-DSC**<br>Class Action (Fed. R. Civ. P. 23)<br>Collective Action (29 U.S.C. § 216(b))<br><br>Judge David S. Cercone |

**PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT, ATTORNEY FEES, AND COSTS**

**Michael A. Josephson**
State Bar No. 24014780
**Andrew Dunlap**
State Bar No. 24078444
**JOSEPHSON DUNLAP LAW FIRM**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
mjosephson@fibichlaw.com
adunlap@fibichlaw.com

**Joshua P. Geist**
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF AND THE PUTATIVE CLASS MEMBERS**

## TABLE OF CONTENTS

I.    Summary of the notice process. .................................................................................1

II.   The Court should approve the settlement ................................................................1

     A.      Applicable legal standard ...............................................................................2

          1.     The complexity, expense and likely duration of the litigation support approval of the settlement ...............................................................3

          2.     The class supports to the settlement ...............................................3

          3.     Settlement is appropriate at this stage of the proceedings .................4

          4.     The settlement is fair and reasonable in light of the risks to establishing liability and damages, and the risk of maintaining the class action through the trial.......................................................................................................4

          5.     The settlement is reasonable in light of the best possible recovery and in light of all the attendant risks of litigation........................................................6

          6.     The enhancement award should be approved ...................................8

     B.      The Court should finally certify the settlement class under Fed. R. Civ. P. 23 ...........8

          1.     The class is sufficiently numerous ...................................................9

          2.     The class seeks resolution of common questions ............................9

          3.     The claims of the named plaintiff are typical of the class..................10

          4.     Class counsel and named plaintiff meet the adequacy requirements of the class ........................................................................................................10

          5.     The class satisfies the predominance and superiority requirements of Fed. R. Civ. P. 23(B)(3) ...........................................................................11

     C.      The attorney fees and costs requested are reasonable and customary........................11

          1.     The size of the fund created and the number of beneficiaries, as well as the value of the benefits supports the requested fee ................................12

          2.     The response of class members supports the requested fee ...........13

          3.     The skill and efficiency of Class Counsel supports the requested fee............13

          4.     The awards in similar cases supports the requested fee ...................14

          5.     Class Counsel's costs should be approved .......................................15

     D.      This settlement is on par with recent settlements involving oil and gas companies ..15

III.   Conclusion...................................................................................................................16

## TABLE OF AUTHORITIES

Cases

*Austin v. Pennsylvania Dep't of,*
   Corrs.*, 876 F.Supp 1437 (E.D. Pa. 1995)............................................................ 5, 7
*Belt v. EmCare, Inc.*,
   444 F.3d 403 (5th Cir. 2006) ............................................................................... 5
*Bredbenner v. Liberty Travel, Inc.*,
   No. 09-cv-905, 2011 WL 1344745 (D.N.J. Apr. 8, 2011)............................... 8, 14, 15
*Brumley v. Camin Cargo Control, Inc.*,
   No. 08-1798, 2012 WL 1019337 (D.N.J. Mar. 26, 2012) ................................. 2, 14
*Chemi v. Champion Mortg.*, C.A. 05-cv-1238,
   2009 WL 1470429 (D.N.J. May 26, 2009) ........................................................ 13
*City of Detroit v. Grinnell Corp.*,
   356 F. Supp. 1380 (S.D.N.Y.1972)..................................................................... 2
*Cotton v. Hinton*,
   559 F.2d 1326 (5th Cir. 1977) ............................................................................ 7
*Craig v. Rite Aid Corp.*,
   No. 4:08-CV-2317, 2013 WL 84928 (M.D. Pa. Jan. 7, 2013)............................. 3
*Cullen v. Whitman Med. Corp.*,
   197 F.R.D. 136 (E.D. Pa. 2000)....................................................................... 8, 15
*Eichenholtz v. Brennan*,
   52 F.3d 478 (3d Cir. 1995)................................................................................. 2
*Erie County Retirees Assoc. v. County of Erie. Pa.*,
   192 F. Supp. 2d 369 (W.D. Pa. 2002)................................................................ 14
*Fein v. Ditech Fin., LLC*,
   No. 5:16-CV-00660, 2017 WL 4284116 (E.D. Pa. Sept. 27, 2017) ..................... 3
*Fisher Brothers v. Phelps Dodge Indus., Inc.*,
   604 F. Supp. 446 (E.D. Pa. 1985) .................................................................... 5, 7
*Fry v. Hayt, Hayt & Landau*,
   198 F.R.D. 461 (E.D. Pa. 2000)...................................................................... 10, 11
*Galt v. Eagleville Hosp.*,
   310 F. Supp. 3d 483 (E.D. Pa. 2018) .............................................................. 3, 4, 6
*General Tel. Co. of S.W. v. Falcon*,
   457 U.S. 147 (1982)........................................................................................... 10
*Girsh v. Jepson*,
   521 F.2d 153 (3d Cir. 1975)............................................................................... 3
*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) .............................................................................. 12
*In re AT& T Corp. Sec. Litig.*,
   455 F.3d 160 (3d Cir. 2006).............................................................................. 12
*In re Cendant Corp. Sec. Litig.*,
   404 F.3d 173 (3d Cir. 2005).............................................................................. 12
*In re Constar Int'l, Inc. Sec. Litig.*,
   585 F.3d 774 (3d Cir. 2009).............................................................................. 9

*In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*,
   410 F. Supp. 659 (D. Minn. 1974) ................................................................................ 5, 7

*In re Diet Drugs Prod. Liab. Litig.*,
   582 F.3d 524 (3d Cir. 2009) ........................................................................................... 12

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*,
   55 F.3d 768 (3d Cir. 1995) ..................................................................................... 3, 4, 7, 14

*In re Ins. Brokerage Antitrust Litig.*,
   579 F.3d 241 (3d Cir. 2009) ............................................................................................. 2

*In re Inter-Op Prosthesis Liab. Litig.*,
   204 F.R.D. 359 (N.D. Ohio 2001) .................................................................................... 7

*In re Janney Montgomery Scott LLC Financial Consultant Litig.*,
   No. 06-cv-3202, 2009 WL 2137224 (E.D. Pa. Jul. 16, 2009) ........................................ 8

*In re NASDAQ Market Makers Antitrust Litig.*,
   176 F.R.D. 99 (S.D.N.Y. 1999) ....................................................................................... 8

*In re Prudential Ins. Co.*,
   148 F.3d 283 (3rd Cir.1998) ................................................................................. 3, 4, 6, 12

*In re Warfarin Sodium Antitrust Litig.*,
   391 F.3d 516 (3d Cir. 2004) ............................................................................................. 9

*Keller v. TD Bank, N.A.*,
   No. CIV.A. 12-5054, 2014 WL 5591033 (E.D. Pa. Nov. 4, 2014) ................................. 5

*Knepper v. Rite Aid Corp.*,
   675 F.3d 249 (3d Cir. 2012) ........................................................................................... 11

*Lachance v. Harrington*,
   965 F.Supp. 630 (E.D. Pa. 1997) ..................................................................................... 5

*Lignore v. Hosp. of Univ. of Pa.*,
   No. 04-5735, 2007 WL 1300733, n.7 (E.D. Pa. May 1, 2007) ........................................ 2

*Oh v. AT&T Corp.*,
   225 F.R.D. 142 (D.N.J. 2004) ........................................................................................ 15

*Raniere v. Citigroup Inc.*,
   310 F.R.D. 211 (S.D.N.Y. 2015) ..................................................................................... 8

*Ripley v. Sunoco, Inc.*,
   287 F.R.D. 300 (E.D. Pa. 2012) ...................................................................................... 6

*Rouse v. Comcast Corp.*,
   No. CIV.A. 14-1115, 2015 WL 1725721 (E.D. Pa. Apr. 15, 2015) ................................ 6

*Roussell v. Brinker Int'l, Inc.*, C.A. 2:09-cv-20561,
   2011 WL 4067171 (5th Cir. Sept. 14, 2011) ................................................................... 5

*Sakalas v. Wilkes Barre Hosp. Co.*,
   No. 3:11-cv-0546, 2014 WL 1871919 (M.D. Pa. May 8, 2014) ..................................... 8

*Sand v. Greenberg*,
   No. 08-cv-7840, 2011 WL 7842602 (S.D.N.Y. Oct. 6, 2011) ........................................ 8

*Stewart v. Abraham*,
   275 F.3d 220 (3d Cir. 2001) ........................................................................................... 10

*Tenuto v. Transworld Sys., Inc.*,
   No. Civ. A. 99-4228, 2002 WL 188569 (E.D. Pa. Jan. 31, 2002) ................................. 8

*Walsh v. Great Atlantic and Pacific Tea Co.*,
   96 F.R.D. 632 (D.N.J.) ................................................................................................... 2

*Weiss v. York Hosp.*,
    745 F.2d 786 (3d Cir. 1984)...................................................................................... 9

*Williams v. Aramark Sports, LLC*,
    No. 10-cv-1044, 2011 WL 4018205 (E.D. Pa. Sept. 9, 2011).................................. 15

*Young v. Tri Cty. Sec. Agency, Inc.*,
    No. CIV.A. 13-5971, 2014 WL 1806881 (E.D. Pa. May 7, 2014) ............................ 4

Statutes

29 U.S.C. § 216(b) ....................................................................................................... i, 1, 15

Rules

Fed. R. Civ. P. 23 ......................................................................................................... passim

Fed. R. Civ. P. 23(a) ............................................................................................................ 9

FED. R. CIV. P. 23(a)(1) ....................................................................................................... 9

FED. R. CIV. P. 23(a)(2) ..................................................................................................... 10

FED. R. CIV. P. 23(a)(3) ..................................................................................................... 10

FED. R. CIV. P. 23(a)(4) ..................................................................................................... 10

FED. R. CIV. P. 23(e) ............................................................................................................ 2

I.   **SUMMARY OF THE NOTICE PROCESS.**

Since the Court preliminary approved the class and collective action settlement, the Parties retained ILYM Group, Inc. to administer the notice in accordance with the settlement agreement and the Court's Order. ECF No. 100-1.

ILYM formatted the Court approved notice packet, verified mailing addresses for the class members, and mailed/emailed the notice packets on September 24, 2018. *See* Ex. A, ILYM Declaration, ¶ 7.

The results of the notice were overwhelmingly positive. This is evidenced by the fact that no class member objected to the settlement and only one class member requested to be excluded. *See Id.*, ¶¶ 15-16. Further, 53 class members claimed 67.71% of the net settlement fund. *Id.*, ¶ 17. On average, the participating class members are receiving $23,997.57, after attorney fees, costs, the enhancement award, and administration expenses. *Id.*, ¶ 18. This is a substantial benefit per plaintiff.

Clearly, all aspects of the notice process were effective at educating class members of their claims, advising them of the ability to participate in the settlement, and informing them of how to preserve their claims.

As preliminarily determined by the Court, the settlement is fair, reasonable, and confers a substantial benefit upon the Class Members. Further, the Ohio and Pennsylvania state law class claims satisfy all of the requirements of a settlement class under Rule 23, and the FLSA Class meets all requirements for a collective action under 29 U.S.C. § 216(b).

II.   **THE COURT SHOULD APPROVE THE SETTLEMENT**

Plaintiff requests the Court grant final certification of the classes; final approval of the Settlement; approve the attorney fees, costs, and enhancement; and dismiss this case with prejudice. Defendant is unopposed to this Motion for Final Approval.

1

**A. Applicable legal standard**

To grant final approval, the Court must conclude that the proposed settlement is fair, reasonable and adequate. *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 258 (3d Cir. 2009); FED. R. CIV. P. 23(e).[1] Trial courts generally are afforded broad discretion in determining whether to approve a proposed class action settlement. *Eichenholtz v. Brennan*, 52 F.3d 478, 482 (3d Cir. 1995). This discretion is conferred in recognition that "[the] evaluation of [a] proposed settlement in this type of litigation ... requires an amalgam of delicate balancing, gross approximations and rough justice." *City of Detroit v. Grinnell Corp.*, 356 F. Supp. 1380, 1385 (S.D.N.Y.1972), *aff'd in part and rev'd in part on other grounds*, 495 F.2d 448 (2d Cir. 1974). Thus, the Court considers whether the proposed settlement is within a "range of reasonableness" that experienced attorneys could accept in light of the relevant risks of the litigation. *Walsh v. Great Atlantic and Pacific Tea Co.*, 96 F.R.D. 632, 642 (D.N.J.), *aff'd*, 726 F.2d 956 (3d Cir. 1983).

The Third Circuit has set forth nine factors to be considered when determining the fairness of a proposed settlement:

> (1) the complexity, expense and likely duration of the litigation;(2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation ...

---

[1]    This case is also brought pursuant to Section 216(b) of the FLSA. When employees bring a private action under the FLSA, and present to the district court a proposed settlement pursuant to Section 216(b) of the FLSA, the district court may enter a stipulated judgment if it determines that the compromise reached "is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Brumley v. Camin Cargo Control, Inc.*, No. 08-1798, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (citing *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Because Rule 23's two-step final approval process is more stringent than approval of an FLSA collective action settlement, *see, e.g., Lignore v. Hosp. of Univ. of Pa.*, No. 04-5735, 2007 WL 1300733, at *3, n.7 (E.D. Pa. May 1, 2007) (noting that the Third Circuit's prior opinions suggest that court approval may not be necessary in context of private settlements under FLSA), satisfaction of the Rule 23 requirements here should be sufficient for approval of the FLSA collective action as well.

2

*Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975) (internal quotations and punctuation marks omitted). Here, the *Girsh* factors strongly support final approval of the Settlement Agreement.

1.  The complexity, expense and likely duration of the litigation support approval of the settlement

"This first Girsh factor requires the Court to consider 'the probable costs, in both time and money, of continued litigation.'" *Galt v. Eagleville Hosp.*, 310 F. Supp. 3d 483, 493 (E.D. Pa. 2018); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prod. Liab. Litig.*, 55 F.3d 768, 812 (3d Cir. 1995) Cases requiring great expenditures of time, money, and other resources on behalf of the parties and the court are good candidates for settlement. *Deitz*, No. 4:12-CV-0718, 2013 WL 2338496, at *5 (citing *In re Prudential Ins. Co.*, 148 F.3d 283, 318 (3rd Cir.1998)). Here, despite the discovery that has already occurred, both sides would require additional substantial discovery in order to place the case in a trial posture. Continued litigation of the would cases result in a significant expenditure of resources and would likewise place a substantial drain on judicial resources. *Craig v. Rite Aid Corp.*, No. 4:08-CV-2317, 2013 WL 84928, at *9 (M.D. Pa. Jan. 7, 2013). The Parties would likely spend another two years working this case up, completing discovery, and briefing motions for summary judgment and class certification. This process would be long and expensive, and involve complicated legal issues such as the application of the economic realities test, Rule 23, salary basis and reasonable relationship tests, and damages across a class.

It is Class Counsel's opinion that settlement is appropriate at this point, and the Court should not have to needlessly expend judicial resources on a matter that neither party has any interest in continuing to litigate.

2.  The class supports to the settlement

This factor "attempts to gauge whether members of the class support the settlement." *Fein v. Ditech Fin., LLC*, No. 5:16-CV-00660, 2017 WL 4284116, at *9 (E.D. Pa. Sept. 27, 2017)(citing In re Prudential, 148 F.3d at 318). "Silence from the class is generally presumed to indicate agreement with

3

the settlement terms." *Young v. Tri Cty. Sec. Agency, Inc.*, No. CIV.A. 13-5971, 2014 WL 1806881, at *6 (E.D. Pa. May 7, 2014)). At this time, no class members have objected to, and only one sought exclusion from, the proposed settlement. *See* Ex. A, ILYM Declaration, ¶¶ 15-16. To the contrary, 53 class members claimed 67.71% of the settlement fund. *Id.*, ¶ 17. This case strongly supports the approval of the settlement. *See Galt*, 310 F. Supp. 3d at 494.

3.   Settlement is appropriate at this stage of the proceedings

"In evaluating the third Girsh factor, the Court assesses "the degree of case development that [C]lass [C]ounsel have accomplished prior to the settlement," in order to "determine whether counsel had an adequate appreciation of the merits of the case before negotiating." *Id.*; *see In re Gen. Motors*, 55 F.3d at 813.  Here, adequate discovery was completed prior to mediation. Through discovery, Class Counsel reviewed thousands of pages pertaining to payroll records, earnings statements, and timesheets of the class members, as well as the contracts and policies of defendant or its subcontractors. Each side was cognizant of the relative strengths and weaknesses of their case during negotiations. The Parties spent more than a year litigating this action and substantial time negotiating settlement discussions with an experienced mediator, Michael Dickstein. This factor weighs in favor of approval.

4.   The settlement is fair and reasonable in light of the risks to establishing liability and damages, and the risk of maintaining the class action through the trial

The fourth, fifth, and sixth *Girsh* factors also strongly favor final approval of the parties' settlement agreement. "The fourth and fifth Girsh factors require the Court to "survey the possible risks of litigation in order to balance the likelihood of success and the potential damage award if the case were taken to trial against the benefits of an immediate settlement." *Galt*, 310 F. Supp. 3d at 494 (E.D. Pa. 2018); *see In re Prudential*, 148 F.3d at 319.  "In balancing these considerations, the Court "should not press into the merits of the case and instead rely to a certain extent on the estimation provided by class counsel, who is experienced with the intricacies of the underlying case." *Keller v. TD*

4

*Bank, N.A.*, No. CIV.A. 12-5054, 2014 WL 5591033, at \*11 (E.D. Pa. Nov. 4, 2014). Trying this case would involve significant risks to the class members, as there is a substantial risk of a significantly reduced recovery or no recovery at all in this action. Defendant maintained that it has significant defenses to liability, that the workers are either exempt employees or properly classified as independent contractors, that the workers were properly compensated, and that it acted in good faith. *Lachance v. Harrington*, 965 F.Supp. 630, 639 (E.D. Pa. 1997)("The court must, to a certain extent, give credence to the estimation of the probability of success proffered by class counsel, who are experienced with the underlying case, and the possible defenses which may be raised to their cause of action").

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years.[2] Both sides have had considerable experience in prosecuting, defending, and settling federal and state commercial and wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation. *Austin v. Pennsylvania Dep't of Corrs.*, 876 F.Supp 1437, 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.,* 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").

---

[2] Plaintiffs' counsel has served as lead counsel in numerous of large-scale wage and hour class/collective actions. *See, e.g., Roussell v. Brinker Int'l, Inc.*, C.A. 2:09-cv-20561, 2011 WL 4067171 (5th Cir. Sept. 14, 2011) (affirming jury verdict in FLSA collective action); *Belt v. EmCare, Inc.*, 444 F.3d 403 (5th Cir. 2006) (affirming summary judgment in favor of a nationwide class of FLSA plaintiffs). Defendant is represented by experienced labor and employment counsel from Buchanan, Ingersoll & Rooney, P.C.

Additionally, the potential class faces significant risk under the sixth *Girsh* factor that it can be certified and then maintained through trial. The Parties agreed to a class for settlement purposes, but Defendant has indicated that it believes the class is not appropriate and should not be maintained. Should the case proceed, and regardless of whether such a challenge would succeed, motion practice on this issue is likely to increase both the length and expense of the litigation. *Galt*, 310 F. Supp. 3d at 495. These factors, taken together, indicate that continued litigation presents a risk to recovery for the Plaintiff and the class, and that settlement is reasonable in light of these risks.

    5.   <u>The settlement is reasonable in light of the best possible recovery and in light of all the attendant risks of litigation</u>

The eighth and ninth *Girsh* factors "ask whether the settlement is reasonable in light of the best possible recovery and the risks the parties would face if the case went to trial. In order to assess the reasonableness of a proposed settlement seeking monetary relief, the present value of the damages plaintiffs would likely recover if successful, appropriately discounted for the risk of not prevailing, should be compared with the amount of the proposed settlement." *Ripley v. Sunoco, Inc.*, 287 F.R.D. 300, 313 (E.D. Pa. 2012)(citing *In re Prudential*, 148 F.3d at 322). Had the case been pursued through trial and been successful on all claims, the recovery here may have been greater than the settlement. "However, [i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *Rouse v. Comcast Corp.*, No. CIV.A. 14-1115, 2015 WL 1725721, at *10 (E.D. Pa. Apr. 15, 2015). Even if the "best possible recovery" significantly exceeds the Settlement amount, this award could only be attained by continued litigation and after a favorable result from each of the remaining stages of litigation, including possible dispositive motions, the possibility the class will not be certified, threats of decertification even if it is, and then trial and a possible appeal. These risks far outweigh the present value of an immediate, and not inconsiderable, cash settlement.

Importantly, the Settlement was the result of an all-day mediation sessions between the parties with the assistance of experienced mediator, Michael Dickstein, who specializes in mediation of class, collective, and individual employment cases, including wage and hour cases, under the FLSA and state analogues, such as misclassification as exempt or independent contractor. The Settlement was negotiated by attorneys who have been vigorously prosecuting this and similar claims for many years. These attorneys have had considerable experience in wage and hour claims, both federal and state claims, and in this case both parties were aware of and negotiated based upon the inherent risks with pursuing the case to trial. Both parties feel that the Settlement Fund of $2,900.000.00 is more than reasonable in light of these risks and the possible damages recoverable by the class. *See Austin*, 876 F.Supp at 1472 (E.D. Pa. 1995) ("in determining the fairness of a proposed settlement, the court should attribute significant weight to the belief of experienced counsel that settlement is in the best interests of the class"); *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 787-88 (3d Cir. 1995); *Cotton v. Hinton*, 559 F.2d 1326 (5th Cir. 1977); *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 410 F. Supp. 659 (D. Minn. 1974) ("The recommendation of experienced antitrust counsel is entitled to great weight."); *Fisher Brothers v. Phelps Dodge Indus., Inc.*, 604 F. Supp. 446 (E.D. Pa. 1985) ("The professional judgment of counsel involved in the litigation is entitled to significant weight.").  These factors favor approval of the Settlement.

There is no foundation to dispute the fairness of this proposed Settlement which resulted from arm's length negotiations. The proposed Settlement does not grant preferential treatment to the class representatives and it does not provide excessive compensation to counsel. *See In re Inter-Op Prosthesis Liab. Litig.*, 204 F.R.D. 359, 379 (N.D. Ohio 2001). Accordingly, the standards for approval are met in this case and the Court should grant Plaintiff's motion in its entirety. *See also In re NASDAQ Market Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1999).

6. <u>The enhancement award should be approved</u>

Defendant has agreed to pay Plaintiff $15,000.00 as an Enhancement Award for his efforts in bringing and prosecuting this matter. *See* ECF No. 100-1. This amount will be paid in addition to his recovery of unpaid overtime for the time when he worked for Defendant.

"[C]ourts routinely approve incentive awards to compensate named plaintiffs for services they provided and the risks they incurred during the course of the class action litigation." *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000). It is particularly appropriate to compensate plaintiffs with incentive awards where they have actively assisted plaintiffs' counsel in their prosecution of the litigation for the benefit of a class. *Tenuto v. Transworld Sys., Inc.*, No. Civ. A. 99-4228, 2002 WL 188569, at *5 (E.D. Pa. Jan. 31, 2002).[3] Indeed, "[i]t takes courage for any employee to challenge her employer's workplace practices. . . ." *Raniere v. Citigroup Inc.*, 310 F.R.D. 211, 220 (S.D.N.Y. 2015). For these reasons, the additional payments to Plaintiff should be finally approved as fair and reasonable.

**B. The Court should finally certify the settlement class under Fed. R. Civ. P. 23**

The Ohio and Pennsylvania Settlement Class should be finally certified. A case may be certified as a class action under Rule 23 only when:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

---

[3]     *See Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (approving service awards in FLSA case as reasonable and finding that plaintiffs "took risks by putting their names on this lawsuit," including the risk of "blacklisting and other more subtle forms of retaliation"). The additional payment requested in this case is also in line with those approved in wage and hour collective and class actions throughout the Third Circuit. *See, e.g., Sakalas v. Wilkes Barre Hosp. Co.*, No. 3:11-cv-0546, 2014 WL 1871919, at *5 (M.D. Pa. May 8, 2014) ("Court believes that the proposed total award of $7,500.00 (or 1.57%) of a $475,000.00 settlement fund is well-deserved and not out of proportion to the level of [named plaintiff's] cooperation. Such an award would not significantly reduce compensation for the other class members, nor is it out of the mainstream for class action service awards in the Third Circuit."); *Bredhenner v. Liberty Travel, Inc.*, No. 09-cv-905, 2011 WL 1344745, at *22-24 (D.N.J. Apr. 8, 2011) (approving service payments of $10,000 to each of eight named plaintiffs in wage and hour case, and citing 2006 empirical study that found average award per class representative to be $16,000); *In re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06-cv-3202, 2009 WL 2137224, at *12 (E.D. Pa. Jul. 16, 2009) (approving $20,000 enhancement awards for each of three named plaintiffs in wage and hour settlement).

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *Weiss v. York Hosp.*, 745 F.2d 786, 807 (3d Cir. 1984), cert. denied, 470 U.S. 1060 (1985). These four threshold requirements are commonly referred to as "numerosity," "commonality," "typicality," and "adequacy of representation," respectively. *See, e.g., In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 527 (3d Cir. 2004).

Federal Rule of Civil Procedure 23(b)(3) permits the court to certify a class in cases where "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). These dual requirements are commonly referred to as "predominance" and "superiority," respectively. *See, e.g, In re Constar Int'l, Inc. Sec. Litig.*, 585 F.3d 774, 780 (3d Cir. 2009). The Court preliminarily certified the Ohio and Pennsylvania Settlement Class under Rule 23(b)(3) for settlement purposes, and Plaintiffs now move for final certification of the Ohio and Pennsylvania Settlement Class under Rule 23(b)(3).

Pursuant to the terms of the Settlement Agreement, Defendant has stipulated that the requisites for establishing class certification pursuant to FED. R. CIV. P. 23 with respect to the Ohio and Pennsylvania Settlement Class Members, have been and are met. *See* ECF No. 100-1.

1. <u>The class is sufficiently numerous</u>

To meet the numerosity requirement of FED. R. CIV. P. 23(a)(1), "the class size only need be large enough that it makes joinder impracticable." *Fry*, 198 F.R.D. at 467. The proposed Settlement Class here meets the numerosity requirement because all 94 FLSA class members are also Ohio and Pennsylvania Class Members. ILYM took substantial steps to advise the class members of their claims and only one class member decided to opt-out, and there are no objectors. *See* Ex. A generally.

2. <u>The class seeks resolution of common questions</u>

The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied if the representative plaintiff shares at least one question of fact or law with the grievances of the prospective class. *See Stewart v. Abraham*, 275 F.3d 220, 227 (3d Cir. 2001). Here, Plaintiff and the class members' claims arise from Defendants common pay policies. The alleged common issues include, without limitation: (1) whether class members were entitled to overtime compensation for their hours worked; (2) whether class members were similarly denied compensation for all hours worked; and (3) whether Defendant's policy of classifying class members as independent contractors violated state law. These sample common questions of law and fact, which Plaintiff contends apply uniformly to all members of the proposed Settlement Class, are sufficient to satisfy the commonality requirement.

3. <u>The claims of the named plaintiff are typical of the class</u>

The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied for purposes of approving the settlement because Plaintiff's claims are reasonably coextensive with those of absent class members, and because Plaintiff possesses the same interest and suffered the same injury as the absent class members. *See Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 468 (E.D. Pa. 2000); *General Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 156 (1982). Plaintiff's claims for unpaid overtime compensation are typical of the claims of the Class.

4. <u>Class counsel and named plaintiff meet the adequacy requirements of the class</u>

To meet the adequacy requirement of FED. R. CIV. P. 23(a)(4), a named plaintiff must show: 1) that he or she has the ability and incentive to represent the claims of the class vigorously; 2) has obtained adequate counsel; and 3) that there is no conflict between the individual's claims and those asserted on behalf of the class. *Fry*, 198 F.R.D. at 469.

The adequacy of representation requirement is met here because Plaintiff has the same interests as the Settlement Class Members. There is no conflict between Plaintiff and the class members in this case, and Plaintiff's claims are in line with the claims of the Class. Plaintiff has

aggressively and competently asserted the interests of the Class, and Plaintiff's counsel is skilled and experienced in wage and hour class action litigation, as set forth in the declaration of Class Counsel submitted with Plaintiff's Unopposed Motion for Preliminary Approval. *See* ECF No. 100-2.

5. The class satisfies the predominance and superiority requirements of Fed. R. Civ. P. 23(B)(3)

Under Fed. R. Civ. P. 23(b)(3), class certification is appropriate if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

For the reasons discussed above, Plaintiff believes that the Settlement Class satisfies the predominance requirement. Moreover, allowing the class members the opportunity to participate in a class settlement that yields an immediate and substantial benefit is highly superior to having a multiplicity of individual and duplicative proceedings in this Court. It is also superior to the alternative of leaving these important labor rights unaddressed due to the difficulty of finding legal representation and filing claims on an individual basis. Moreover, the Third Circuit has ruled that there is no reason to preclude federal jurisdiction over class actions asserting claims under state statutory wage and overtime laws paralleling the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

Accordingly, Plaintiff respectfully requests that the Court finally certify the Settlement Class for settlement purposes only.

**C. The attorney fees and costs requested are reasonable and customary**

Under Third Circuit law, a Court may evaluate the award of attorneys' fees through two established methods: (1) the lodestar approach; and (2) the percentage of the recovery approach. *In re Diet Drugs Prod. Liab. Litig.*, 582 F.3d 524, 540 (3d Cir. 2009); *In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 164 (3d Cir. 2006). Under the common fund doctrine, "a private plaintiff, or plaintiff's attorney, whose efforts create, discover, increase, or preserve a fund to which others also have a claim, is entitled

11

to recover from the fund the costs of his litigation, including attorneys' fees." *In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 187 (3d Cir. 2005) (citation omitted). When calculating attorneys' fees in such cases, the percentage-of-recovery method is generally favored. *In re Diet Drugs*, 582 F.3d at 540 (citing *Krell v. Prudential Ins. Co.*, 148 F.3d 283, 333 (3d Cir. 1998)).

In determining what constitutes a reasonable percentage fee award in the Third Circuit, a district court must consider ten factors: (1) the size of the fund created and the number of beneficiaries; (2) the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the skill and efficiency of the attorney involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) the amount of time devoted to the case by plaintiffs' counsel; (7) the awards in similar cases; (8) the value of benefits attributable to the efforts of class counsel relative to the efforts of other groups, such as government agencies conducting investigations; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of Settlement. *In re Diet Drugs.* 582 F.3d at 541 (citing *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000) and *Prudential,* 148 F.3d at 342).

These factors support approval of the requested fee and are discussed below.

1. <u>The size of the fund created and the number of beneficiaries, as well as the value of the benefits supports the requested fee</u>

The results obtained represent a significant benefit in the face of the many legal and factual risks posed by litigation. Here, the $2,900,000.00 Settlement provides for a Net Settlement Fund that will be distributed to Settlement Class Members on a *pro rata* basis. *See generally* Ex. A.

More specifically, the Maximum Settlement Amount is based on an analysis of each workweek that each Class Member worked for Defendant during the relevant time period. The Maximum Settlement Amount represents a substantial portion of unpaid overtime damages owed to FLSA and

Ohio and Pennsylvania Class Members. For these reasons, the Settlement creates a substantial benefit for members of the Settlement Class.

2.   <u>The response of class members supports the requested fee</u>

Notice of the Settlement has now gone out to all of the Class Members. The Notice explicitly outlines the allocation of the Maximum Settlement Fund and provides instructions for objecting to or seeking exclusion from the Settlement. ECF No. 100-1, Exhibit 1. To date, none of the individuals who received the Notice have submitted objections and only one person has have submitted a request for exclusion from the Settlement. *See* Ex. A, ¶¶ 15-16. Further, a substantial portion, 67.71%, of the Net Settlement Fund has been claimed by 53 class members. *See Id.,* ¶ 17. Accordingly, this factor supports the reasonableness of the fee award.

3.   <u>The skill and efficiency of Class Counsel supports the requested fee</u>

In evaluating the skill and efficiency of the attorneys involved, courts have looked to "the quality of the result achieved, the difficulties faced, the speed and efficiency of the recovery, the standing, experience and expertise of the counsel, the skill and professionalism with which counsel prosecuted the case and the performance and quality of opposing counsel." *Chemi v. Champion Mortg.,* C.A. 05-cv-1238, 2009 WL 1470429, at *11 (D.N.J. May 26, 2009) (internal quotations omitted).

Here, Class Counsel includes attorneys with significant employment law as well as class and collective action experience. Class Counsel assumed a very real risk in taking on this case. Class Counsel took the case on a contingency basis, and was prepared to invest time, effort, and money over a period of years with no absolutely no guarantee of any recovery.

The Settlement reached with Defendant, which involves complex provisions that are specific to Section 216(b)'s collective action provision of the FLSA and state wage and hour law, is a reflection of Class counsel's experience. This Settlement was reached (1) after extensive fact discovery, including

exchanging numerous pages of documents; and (2) the help of a full day of mediation with Michael Dickstein.

The Settlement provides Plaintiff and members of the Settlement Classes with substantial benefits without having to wait for years of drawn out litigation. Accordingly, this factor favors the requested fee.

4. <u>The awards in similar cases supports the requested fee</u>

The requested fee is also consistent with awards in similar cases. The Third Circuit has noted that fee awards generally range from 19% to 45% of the Settlement fund. *See Brumley*, 2012 WL 1019337, at *12 (approving fee of one-third of the common fund and citing *In re Gen. Motors Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 822 (3d Cir. 1995)).

Here, Class Counsel's request for thirty-three and one-third percent of the Maximum Settlement Fund falls well within the range of reasonable allocations in the context of awards granted in other, similar cases. *See, e.g., Stivers v. Office Depot*, No. 12-cv-1534 (W.D. Pa. Sept. 19, 2013) (Eddy, J.) (approving fee award of 33.33% of the total settlement amount to class counsel in wage and hour settlement); *Caudell v. RDL Energy Services, LP*, No. 2:11-cv-01523-JFC (W.D. Pa. Jul. 30, 2012) (Conti, J.) (same); *Bearden v. Precision Air Drilling Services, Inc.*, No. 2:11-cv-01511- NBF (W.D. Pa. Sept. 26, 2012) (Fischer, J.) (same); *Thomas v. Allis-Chalmers*, No. 2:10-cv- 01591-RCM (W.D. Pa. Sept. 11, 2012) (Mitchell, J.) (same); *Bredbenner*, 2011 WL 1344745 (approving an award of 32.6% of the Settlement fund); *Erie County Retirees Assoc. v. County of Erie. Pa.*, 192 F. Supp. 2d 369, 382-83 (W.D. Pa. 2002) (McLaughlin, J.) (38% of common fund awarded as fees in ADEA collective action case brought pursuant to 29 U.S.C. §216(b)); *see also Cullen*, 197 F.R.D. at 150 (concluding "that an award of one third of the Settlement fund is reasonable in consideration of other courts' awards"); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (noting that study of class action fee awards within the Third Circuit found that average attorney's fees percentage

14

in such cases was 31.71% and median award was 33.3%). The attorneys' fees request of thirty-three and one-third percent of the Settlement fund also comports with privately negotiated contingent fees negotiated on the open market. *See Bredbenner*, 2011 WL 1344745, at *21.

Accordingly, the fees approved in similar cases further support the requested fee here.

5.  Class Counsel's costs should be approved

In addition to being entitled to reasonable attorneys' fees, the FLSA and Pennsylvania wage and hour law provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b); 43 P.S. § 333.113 ("worker may recover in a civil action the full amount of such minimum wage less any amount actually paid to the worker by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court…").

Here, Class Counsel's costs are capped at $20,000.00. Class Counsel's costs include reasonable out-of-pocket expenditures such as filing fees, travel for hearings, mediation, and client meetings, and Westlaw. *See Oh v. AT&T Corp.*, 225 F.R.D. 142, 154 (D.N.J. 2004) (finding expenses such as "(1) travel and lodging, (2) local meetings and transportation, (3) depositions, (4) photocopies, (5) messengers and express service, (6) telephone and fax, (7) Lexis/Westlaw legal research, (8) filing, court and witness fees, (9) overtime and temp work, (10) postage, (11) the cost of hiring a mediator, and (12) NJ Client Protection Fund *pro hac vice*." to be reasonable).

All of these expenses were reasonable and necessary for the successful prosecution of this case, and pursuant to the terms of the Settlement Agreement, Defendant does not object to the request for costs. ECF No. 100-1.

**D.  This settlement is on par with recent settlements involving oil and gas companies**

The Court should finally approve this Settlement because it is in line with recent wage and hour settlements involving oil and gas service companies. *See e.g. Seagraves v. Range Resources Corporation*, C.A. 2:17-cv-1009-JFC (W.D. PA Oct. 16, 2018) ECF No. 40 (approving 33 1/3% attorney fees). In

*Terry v. Tri-State Wireline, LLC*, Judge Fischer approved a class and collective action settlement involving wireline operators paid a salary and a job bonus. C.A. 2:15-cv-00382-NBF (W.D. PA Jan. 14, 2016) ECF No. 31. In that case, 56 of the 69 (or 81.16%) of the class members joined the settlement and claimed 92.07% of the settlement fund. *Id.* at 29-1. Further, the Court approved attorney fees of 35%, $25,000.00 in attorney costs, $5,500.00 in settlement administration costs, $20,000.00 in enhancement awards. The Court held that the settlement was substantially fair and reasonable under the applicable Third Circuit jurisprudence. *See also Frost v. Oil States Energy Services, LLC*, C.A. 4:15-cv-01100 (S.D. Tex. Nov. 19, 2015) ECF No. 43. (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses); *Hickel, et al., v. Costy's Energy Services, LLC*, C.A. 2:15-cv-00130-MRH (W.D. PA Oct. 30, 2015) ECF No. 43 (approving a collective action settlement involving oil and gas employees alleging violations of the regular rate for purposes of calculating overtime); *Smiley, et al., v. ROC Service Company, LLC*, C.A. 2:14-cv-01539-CRE (W.D. PA Sept. 22, 2015) ECF No. 53; (approving a class and collective action settlement involving oil and gas employees paid a salary and/or job bonuses); *Andrews, et al., v. Pacific Process Systems, Inc.*, C.A. 2:14-cv-01308-CRE (W.D. PA Sept. 10, 2015) (same).

## III.   CONCLUSION

As demonstrated through this Motion, its supporting documents, the Motion for Preliminary Approval, similarly approved wage and hour settlements, Defendant's non-opposition, and the overwhelmingly positive notice response rates provided by the settlement administrator, this settlement is fair, reasonable, and should be approved by the Court and the attached Final Approval Order should be entered.

Respectfully submitted,

By: /s/  Andrew W. Dunlap
    Michael A. Josephson
    Pennsylvania Bar No. 308410

16

Texas Bar No. 24014780
(*Pending Pro Hac Vice*)
Andrew Dunlap
State Bar No. 24078444
(*Admitted Pro Hac Vice*)
**JOSEPHSON & DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 751-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

AND

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: 412-766-1455
Fax: 412-766-0300
josh@goodrichandgeist.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
(*Pending Pro Hac Vice*)
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by ECF electronic filing on all known parties.

*/s/ Andrew W. Dunlap*

17

Andrew W. Dunlap

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have spoken with Counsel for Defendant and Defendant is not opposed to the contents of this Motion.

*/s/ Andrew W. Dunlap*
Andrew W. Dunlap